## CAMPBELL et al. v. LAYNE et al.—
## 250 S. W. (2d) 95.

Middle Section.  April 25, 1952.

Petition for Certiorari denied by Supreme Court, June 7, 1952.

566

A. A. Kelly, of South Pittsburg, and John F. Green, of Winchester, for complainants.

Chas. C. Moore, of Chattanooga, and J. D. Fults, of Tracy City, for defendants.

HOWELL, J. The original bill in this case was filed on May 7, 1949, by J. H. Campbell, Sr. and J. H. Campbell, Jr., against Ed Layne, his wife, Beulah Shrum Layne, his brother Chas. C. Layne, the First National Bank of Tracy City, Tennessee, and others and alleged that on April 24, 1948, the complainants were awarded judgments against Ed Layne in the Circuit Court of Marion County aggregating $10,000 in suits for damages growing out of an accident and consequent injury to J. H. Campbell, Jr., in a coal mine operated by the defendant Ed Layne. The damage suits were appealed in error to the Court of Appeals and the verdicts there affirmed and judgments entered amounting in all to $10,498, and costs. Fieri facias was issued by the Clerk and sent to the Sheriff of Grundy County who returned same no personal property to be found subject to the levy of execution, and executed by levying upon a small tract of land in Grundy County standing in the name of Ed Layne, which was of very little value.

The bill then alleged that for a long time before the judgments above mentioned were rendered, the defendant

Ed Layne was engaged in extensive coal mine operations and also operated a large saw mill and planing mill, owned a large fleet of trucks and other motive equipment and apparently was doing a profitable and thriving business, employing numerous employees in his extensive operations. It is then alleged that notwithstanding these operations, the defendant Ed Layne insisted that he was insolvent, owned no property except the small tract levied on and that all other property in his possession including money on deposit was the property of his wife, Beulah Shrum Layne.

The bill then alleged that after the personal injury suits mentioned were filed, the defendant Ed Layne executed a bill of sale transferring to his brother, the defendant Chas. C. Layne, several trucks and some mules, but continued to use them in connection with his business. The bill then alleged that these transfers of personalty to his brother Chas. C. Layne were fraudulent and executed for the purpose of putting this property beyond the reach of an execution at law and to defeat the collection of any judgment against him. The bill also alleged that the defendant Ed Layne entered into a fraudulent arrangement with his wife Beulah Shrum Layne by which he turned over to her other assets including money and bank accounts in order to defeat the collection of complainants' judgments. The bill prayed for a discovery as to the assets of Ed Layne, for a receiver and that these various transfers be declared fraudulent and void and be canceled and the property involved be subjected to the satisfaction of complainants' judgments.

A supplemental bill was filed involving some money withdrawn from the Tracy City Bank. Answers were filed by the defendants.

Ed Layne filed an answer in which he denied the material allegations of the bill and averred that on May 26, 1949 he had filed a petition in bankruptcy in the District Court for the Eastern Division of Tennessee and had been duly adjudged a bankrupt.

Numerous other pleadings, including exceptions to answers, were filed, a receiver was appointed and John F. Green, Trustee in Bankruptcy of the estate of Ed Layne, was permitted to intervene as a party complainant.

The case was set for hearing on oral testimony and a jury was demanded by the defendants.

The case was tried by the Chancellor and a jury.

Eleven issues of fact were submitted to the jury, nine of which were answered and the remaining two withdrawn by the Court.

Thereupon and on April 1, 1950, the Chancellor filed a memorandum and decree as follows:

"This cause is now before the Court upon motion of complainants for withdrawal of issues of fact from the Jury, numbers 3 and 4.

"The motion was orally argued, after which briefs were prepared and submitted, all of which the Court has considered and it is of the opinion that the motion is not well taken and should be overruled.

"It should perhaps be noted that while the defendants did not file a motion for a new trial they have to some extent urged in the arguments and brief of complainants' motion, that the Court erred in withdrawing questions 10 and 11 from the Jury. The Court desires to point out, therefore, that questions 5 and 6 rendered questions 10 and 11 wholly immaterial and the latter two questions should not have been sub-

mitted by the Court in the very outset. For if Ed Layne fraudulently transferred his mining properties and operations to his brother, Charles Layne and his wife Beulah, as questions 5 and 6 determine, it was wholly immaterial how the bank account was carried and whether Ed Layne continued in business thereafter as contemplated by questions 10 and 11. Because, as a matter of law, if the scheme or transfer was a fraudulent one the manner of subsequent operation became immaterial. If in fact it was, as the Jury found, a transfer without consideration it was in law fraudulent and remained and continued Ed Layne's business regardless of how it was conducted.

"Questions 1 and 9, and answers of the Jury, are as follows:

" 'L. Has Edd Layne, at any time, since March 11, 1947 (the date of Campbell's injury), deposited any moneys from his business operations in his wife's name in the First National Bank of Tracy City, Tennessee?

"Ans. Yes.

"IX. Since the date of injury of J. H. Campbell, Jr., and the resulting litigation has Edd Layne been transacting business and keeping his money and property in his wife's or brother's name?

"Ans. Yes.'

"In view of the foregoing the Court is of opinion that the duty devolves upon it to refer the cause to the Master, who will consider the proof on file and to this end the Court Reporter will transcribe and file the testimony of the several witnesses introduced at the hearing; and any other pertinent proof which may be offered by either side, and report:

"(1) The amount of money belonging to Edd Layne and deposited to his wife's name in the First National Bank at Tracy City, Tennessee, since March 11, 1947.

"(2) What amount of money belonging to Edd Layne was received or transferred to: (a) Mrs. Edd Layne, (b) Charles Layne, since March 11, 1947.

"(3) What credits, if any, and the amounts the said Mrs. Edd Layne and Charles Layne, respectively, are entitled to receive.

"Until the Master shall have made and filed his report, consideration of all other matters will be reserved."

The cause was then referred to the Master who was directed upon the proof on file and any other pertinent proof to report:

"(1) The amount of money belonging to Edd Layne and deposited to his wife's name in the First National Bank of Tracy City, Tennessee, since March 11, 1947.

"(2) What amount of money belonging to Edd Layne was received or transferred to: (a) Mrs. Edd Layne, (b) Charles Layne, since March 11, 1947.

"(3) What credits, if any, and the amounts the said Mrs. Ed Layne and Charles Layne, respectively, are entitled to receive."

Much proof was taken and a number of exhibits were filed on the order of reference and the Master filed a report which the Court decreed was insufficient and merely constituted a recommendation that the matter be re-referred to him or some other person as Special Master. The cause was then re-referred to Honorable Harry Templeton as Special Master. The Special Master filed his report on August 17, 1950, in which he reported that

since March 17, 1947, the defendant Ed Layne had deposited in the First National Bank at Tracy City, funds belonging to him in his wife's name amounting to $67,328.29 and that this amount was entitled to credits, as proven disbursement for legitimate business expenses amounting to $49,511.94, plus $811.95, for account of Charles Layne, making total credits of $50,328.89.

Exceptions were filed to this report and on November 15, 1950, the Chancellor acting upon these exceptions filed a memorandum as follows:

"This cause is before the Court on Exceptions to the Special Master's report which were argued and briefed and taken under advisement.

"Based upon the entire record, the Court is of opinion that the defendant, Mrs. Ed Layne is chargeable with the amount of money reported by the Special Master but she is also entitled to be credited with this amount, except the sum of $2500.00 which the record shows was received from the mining operations and deposited to her savings account and the sum of $5,000.00 which the record shows was received from the mining operations and used by her in part payment of the sawmill.

"To this end exceptions to the report will be sustained in part and overruled in part; and a judgment will be entered against Mrs. Ed Layne for said sum of $7500.00 representing money belonging to Ed Layne and received by Mrs. Ed Layne subsequent to March 11, 1947, when Ed Layne became liable to the complainant in this cause for injuries sustained."

A decree was then entered to the effect that John F. Green, Trustee in Bankruptcy of Ed Layne, recover of the defendant Mrs. Ed (Beulah) Layne the sum of $7,500 and all costs of the cause.

The complainants appealed and have assigned errors and the defendant Mrs. Ed (Beulah) Layne also appealed and filed her assignments of error.

It is noted that in the decree ordering the reference which was entered on April 1, 1950, the Chancellor held "that the complainants are entitled to have and recover all money of Ed Layne's deposited in the First National Bank of Tracy City, Tennessee, or property in the names of his wife, Mrs. Beulah Layne, or his brother, Charles Layne since March 11, 1947."

The case was then referred to the Special Master and his report in this connection was that the total amount of money belonging to Ed Layne and deposited to his wife's name was $67,328.29 and that she was entitled to credits amounting to $50,323.89. This leaves a balance of $17,004.40.

The record fully supports the conclusions of the Special Master. In acting upon the exceptions to this report the Chancellor held that Mrs. Ed Layne was chargeable with the amount reported by the Special Master, "but she is also entitled to be credited with this amount, except the sum of $2,500.00 which the record shows was received from the mining operations and deposited in her savings account and the sum of $5,000.00 which the record shows was received from the mining operations and used by her in part payment of the sawmill." We are unable to follow the Chancellor in his conclusions. The record does not support the conclusion that Mrs. Layne is entitled to be credited with the total amount chargeable to her, less $2,500 and $5,000. It does amply support the report of the Special Master that she is chargeable with $67,328.29 and should be credited with $50,323.89, and is therefore liable for the difference of $17,004.40.

■ The Chancellor had held in the decree of April 1, 1950 that Mrs. Layne was liable for this difference and that holding was the law of the case.

■ In Gibson's Suits in Chancery Section 619 is as follows:

"Effect of a Master's Report.—A Master's report is in the nature of a special verdict, and exceptions to it are in the nature of a motion for a new trial; and the Court will not overrule it unless the evidence clearly preponderates against it. The burden is on the party excepting, to establish the mistake, or misconduct, or disability, alleged. Where a matter of fact, depending on conflicting testimony, and the credibility of witnesses, has been referred to the Master, his decision will not be interfered with unless it is a plain case of error, or mistake, especially when the witnesses were examined before him. The result is, the Court will not allow an exception to the Master's report, unless the exception is clearly sustained by the weight of the evidence, or otherwise affirmatively appears to be well taken."

The assignments of error of the complainants are sustained and all other assignments are overruled.

The decree of the Chancellor will be modified and a judgment entered here in favor of the complainant, John F. Green Trustee in Bankruptcy, and against the defendant Beulah Shrum Layne for the sum of $17,004.40 and all the costs of the cause.

Modified and affirmed.

Felts and Hickerson, JJ., concur.